IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YIL KI MOON; WOONGJIN COWAY HAWAII, INC., <br><br>        Plaintiffs, <br><br>  vs. <br><br>WOONGJIN COWAY USA, INC.; JOHN DOES 1-10, JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL AGENCIES 1-10, <br><br>        Defendants. | CIVIL NO. 12-00054 JMS-BMK <br><br>ORDER (1) GRANTING DEFENDANT'S MOTION TO COMPEL FINAL AND BINDING ARBITRATION AND FOR STAY OF ACTION, AND (2) DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS FOR IMPROPER FORUM, OR IN THE ALTERNATIVE, FOR CHANGE OF VENUE |

**ORDER (1) GRANTING DEFENDANT'S MOTION TO COMPEL FINAL AND BINDING ARBITRATION AND FOR STAY OF ACTION, AND (2) DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS FOR IMPROPER FORUM, OR IN THE ALTERNATIVE, FOR CHANGE OF VENUE**

## I. INTRODUCTION

Two Motions are before the court. First, Defendant Woongjin Coway USA, Inc. ("Defendant" or "Woongjin USA") moves to compel arbitration of all claims made in this action by Plaintiffs Yil Ki Moon and Woongjin Coway Hawaii, Inc. ("Woongjin Hawaii") (collectively "Plaintiffs"), and to stay the action pending the arbitration ("Motion to Compel"). Doc. No. 7. Second, if the court does not

compel arbitration, Defendant moves to dismiss without prejudice based on an improper forum or, in the alternative, for a change of venue to the United States District Court for the Central District of California ("Motion to Dismiss").  Doc. No. 6.  Based on the following, the Motion to Compel is GRANTED, and the Motion to Dismiss is DENIED as MOOT.

## II.  BACKGROUND

Plaintiffs filed this action on September 29, 2011 in the Circuit Court of the First Circuit, State of Hawaii, and Defendant removed it to this court based upon diversity of citizenship on January 24, 2012.  Doc. No. 1.  The Complaint asserts statutory claims under Hawaii Revised Statutes ("HRS") §§ 480-2 & -13, and common law claims for breach of contract and fraud.  The present dispute arises out of a distributorship agreement between Woongjin USA and Woongjin Hawaii.  *See* Doc. No. 7-3, Yoon Decl. Ex. 1.  The merits of the dispute are not at issue in the present Motions.

> The distributorship agreement contains a broad arbitration clause:
>
> 15.10  Arbitration.  Any dispute or controversy between the Parties in any way arising out of, related to, or connected with this Agreement or the scope of this Agreement shall be resolved through final and binding arbitration.  The arbitrator shall hold the arbitration hearing in Los Angeles, California, and shall enforce this Agreement consistent with its terms. . . .

2

*Id.* at 14-15.  Based upon this arbitration clause, Defendant's Motion to Compel seeks an order compelling arbitration in Los Angeles, California of all issues in the Complaint.  Alternatively (also based upon the arbitration clause), Defendant's Motion to Dismiss contends that the suit belongs in the United States District Court for the Central District of California.

Defendant filed its Motions on January 31, 2012.  *See* Doc. Nos. 6, 7.  On March 22, 2012, Plaintiffs filed a Response to the Motion to Compel, Doc. No. 11, and Opposition to the Motion to Dismiss, Doc. No. 12.  Plaintiffs filed a consolidated Reply on March 29, 2012.  Doc. No. 14.  The matters are suitable for decision without a hearing under Local Rule 7.2(d).

### III.  DISCUSSION

The Federal Arbitration Act ("FAA") provides that any arbitration agreement within its scope "shall be valid, irrevocable, and enforceable," 9 U.S.C. § 2, and permits a party "aggrieved by the alleged refusal of another to arbitrate" to petition a district court for an order compelling arbitration in the manner provided for in the agreement.  9 U.S.C. § 4.  The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."  *Kilgore v. KeyBank, Nat'l Ass'n*, --- F.3d ----, 2012 WL 718344,

at *5 (9th Cir. Mar. 7, 2012) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)).

> The court's role under the [FAA] is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms.

*Id.* (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).

Defendant thus seeks an Order compelling arbitration in Los Angeles, California, as well as a stay of the action pending such arbitration. In response to Defendant's Motion to Compel, Plaintiffs *agree* that paragraph 15.10 of the distributorship agreement contains a mandatory arbitration clause. Doc. No. 11, Response at 2. And, as the Motion seeks to arbitrate all of the issues raised in Plaintiffs' Complaint, Plaintiffs also *agree* to engage in final and binding arbitration as set forth in paragraph 15.10. *Id.* Thus, the court GRANTS the Motion to Compel -- the parties shall arbitrate this dispute in Los Angeles, California, under the terms set forth in paragraph 15.10 of the distributorship agreement.

Plaintiffs also agree to a stay of the action pending arbitration

(although they ask the court to retain jurisdiction if the parties are unable to agree on certain terms of arbitration).  Under the FAA, "[t]he federal case must be stayed while the parties proceed to arbitration."  *Kilgore*, 2012 WL 718344, at *5 (citing 9 U.S.C. § 3).  Nevertheless, such a stay is not mandatory if the *entire* action is subject to arbitration.  *See, e.g.*, *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration.") (citing cases); *see also Lexington Ins. Co. v. Centex Homes*, 795 F. Supp. 2d 1084, 1090 (D. Haw. 2011) ("A stay, however, is not mandatory and the court may alternatively dismiss those claims that are subject to arbitration.") (citing *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988), for its holding that claims could be dismissed when an "arbitration clause was broad enough to bar all of the plaintiff's claims since it required [the plaintiff] to submit all claims to arbitration") (other citation omitted).  Thus, because the parties agree that all the issues in Plaintiffs' Complaint are subject to arbitration, a stay of the action is not mandatory.

In this regard, Defendant asks the court to direct the parties to select an arbitrator under the rules of either Alternate Dispute Resolution Services, Inc., or Judicial Arbitration and Mediation Services, Inc.  Doc. No. 7-1, Mot. to Compel

at 2 (invoking 9 U.S.C. § 5).[1]  Rather than mandating an arbitrator and specific arbitration process, however, the court will allow the parties to meet and confer to select amongst themselves an arbitration process, including the selection of an arbitrator.  Although 9 U.S.C. § 5 contemplates a court selecting an arbitrator where, among other reasons, an arbitration provision is silent as to the method of selection -- such as is the case with paragraph 15.10 of the distributorship agreement -- § 5 does not require the court to select the arbitrator if the parties can otherwise agree.

Accordingly, the court will stay this action for three months from the date of this Order, or until the parties are able to agree upon the selection of an arbitrator (whichever occurs earlier).  Upon selection of an arbitrator, the arbitrator shall select the rules and terms of arbitration.  After the parties notify the court of

---

[1] Title 9 U.S.C. § 5 provides:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator, or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

the selection of an arbitrator, the court will dismiss the action without prejudice to the action being re-filed to confirm or vacate any arbitration award under 9 U.S.C. §§ 9 & 10, if necessary. If the parties are unable to select an arbitrator after meeting in good faith, either party may make an application under 9 U.S.C. § 5 for an order naming an arbitrator. Meanwhile, the court will schedule a status conference for **July 3, 2012 at 10:00 a.m.**, at which time the court will either lift the stay, dismiss the action, or take other appropriate action. If the action is subsequently re-filed under 9 U.S.C. §§ 9 or 10, the court will waive the filing fee and the matter will be assigned to the undersigned.[2]

## IV. **CONCLUSION**

Defendant's Motion to Compel, Doc. No. 7, is GRANTED. The parties shall arbitrate the issues in the Complaint, as set forth in paragraph 15.10 of the distributorship agreement. The parties shall meet and confer regarding the selection of an arbitrator. The action is STAYED under 9 U.S.C. § 3 for three months or until the parties notify the court that they have agreed upon an arbitrator. After such period, the action will be DISMISSED without prejudice to re-filing an action under 9 U.S.C. §§ 9 or 10, to confirm or vacate any arbitration award, if

---

[2] Because the court is granting the Motion to Compel, Defendants' Motion to Dismiss, Doc. No. 6, is DENIED as MOOT. At this stage, it would serve no purpose to dismiss or transfer the action to a California court for such a court to consider the Motion to Compel.

necessary.  A status conference is set for **July 3, 2012, at 10:00 a.m.**

       IT IS SO ORDERED.

       DATED:  Honolulu, Hawaii, April 2, 2012.



       /s/ J. Michael Seabright
       J. Michael Seabright
       United States District Judge

*Moon, et al. v. Woongjin Coway USA, Inc., et al*., Civ. No. 12-00054 JMS/BMK, Order (1) Granting Defendant's Motion to Compel Final and Binding Arbitration and for Stay of Action, and (2) Denying as Moot Defendant's Motion to Dismiss for Improper Forum, or in the Alternative, for Change of Venue